## UNITED STATES COURT OF APPEALS
### FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| JOSEPH STORY, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent-Appellee. | ) | |
| | ) | |

**FILED**
***Mar 13, 2013***
DEBORAH S. HUNT, Clerk

Joseph Story, a federal prisoner proceeding pro se, appeals a district court judgment dismissing his motion to vacate, set aside, or correct sentence filed pursuant to 28 U.S.C. § 2255. Story requests a certificate of appealability. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

A jury found Story guilty of conspiracy to distribute and possess with the intent to distribute fifty grams or more of cocaine base in violation of 21 U.S.C. § 846 and distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1). He was sentenced to serve 360 months of imprisonment followed by ten years of supervised release. We affirmed Story's convictions but vacated his sentence and remanded the case for resentencing. *United States v. Story*, 125 F. App'x 646 (6th Cir. 2005). Upon remand, Story was resentenced to serve 300 months of imprisonment followed by ten years of supervised release. We vacated Story's sentence and remanded the case for resentencing. *United States v. Story*, 503 F.3d 436 (6th Cir. 2007). In March 2008, the district court resentenced Story to serve 240 months of imprisonment followed by ten years of supervised release. Story did not appeal.

In his motion to vacate sentence filed in March 2009, Story raised three claims of ineffective assistance of trial counsel. In October 2011 and January 2012, Story filed motions to amend his § 2255 motion. Through his motions to amend, Story sought to add an additional ineffective

assistance of trial counsel claim based upon counsel's failure to challenge the sentence enhancement imposed under 21 U.S.C. § 851 due to his prior North Carolina drug conviction.

The district court denied Story's motions to amend because they were untimely. The district court then addressed the remaining timely claims, dismissed Story's motion to vacate sentence, and declined to issue a certificate of appealability.

A certificate of appealability may issue only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). When a habeas corpus petition is denied on procedural grounds, the petitioner must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Story has waived appellate review of the three grounds for relief raised in his original motion to vacate sentence because he does not request a certificate of appealability for those grounds. *See Elzy v. United States*, 205 F.3d 882, 886 (6th Cir. 2000) (enforcing waiver rule against counsel); *Jackson v. United States*, 45 F. App'x 382, 385 (6th Cir. 2002) (enforcing waiver rule against pro se litigant). Instead, Story requests a certificate of appealability for the ineffective assistance of counsel claim that he attempted to untimely raise in the motions to amend his motion to vacate sentence. He apparently concedes that his proposed amended claim is time-barred but argues that he should be permitted to present it "under the actual innocence gateway."

The district court concluded that the ineffective assistance of counsel claim raised in Story's motions to amend was time-barred, and that the one-year statute of limitations could not begin running on the date that *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) and *United States v. Pruitt*, 545 F.3d 416 (6th Cir. 2008) were decided because they are not Supreme Court decisions. *See* 28 U.S.C. § 2255(f)(3) (providing that the one-year statute of limitations period for filing a

motion to vacate sentence pursuant to § 2255 may begin to run on "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review"). And although Story relied upon *Carachuri-Rosendo v. Holder*, 130 S. Ct. 2577 (2010), which is a Supreme Court decision, the district court found that the one-year statute of limitations could not begin running from the date of that decision because "the Supreme Court did not expressly state whether its *Carachuri-Rosendo* holding was a new rule" and the Supreme Court did not "find that the holding was retroactive to cases pending on collateral review." Even if *Carachuri-Rosendo* was a new, retroactively-applicable rule that could apply to Story's motion to vacate sentence, the district court noted that Story's motions to amend would remain untimely because *Carachuri-Rosendo* was decided on June 14, 2010, more than one year before Story filed his first motion to amend on October 14, 2011. *See Houston v. Lack*, 487 U.S. 266, 276 (1988) (holding that a prisoner's notice of appeal is deemed to be filed on the date that it is given to prison officials for mailing to the court).

The one-year statute of limitations may be equitably tolled, but Story is not entitled to equitable tolling. "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Even if Story diligently pursued his rights, he failed to show an extraordinary circumstance preventing timely filing of his amended claim that would support equitable tolling.

Story argues that the intervening decisions in *Simmons*, *Carachuri-Rosendo*, and *Pruitt* establish his actual innocence of the enhanced sentence that was imposed for his convictions. In *Carachuri-Rosendo*, the Supreme Court held that the question of whether a prior conviction is an "aggravated felony," as used in the Immigration and Nationality Act, must be resolved by looking at the offense for which the defendant was actually convicted, not the offense for which he could have been convicted in view of his conduct. *Carachuri-Rosendo*, 130 S. Ct. at 2589-90. *Simmons* applied *Carachuri-Rosendo* to a case on direct review. *Simmons*, 649 F.3d at 243-44. And in *Pruitt*,

this court interpreted the North Carolina sentencing scheme with guidance from *United States v. Rodriguez*, 553 U.S. 377 (2008), and held that when determining whether Pruitt's sentence was subject to enhancement based upon a prior conviction for an offense punishable by more than one year of imprisonment, a district court should consider the maximum sentence that a hypothetical defendant with Pruitt's particular prior record level could have received, rather than the maximum sentence that a hypothetical defendant with the worst possible prior record level could have received. *Pruitt*, 545 F.3d at 423-24.

According to Story, his mandatory minimum 240-month sentence was invalidated by *Simmons*, *Carachuri-Rosendo*, and *Pruitt* because he received a ten-month sentence for his prior North Carolina drug conviction; thus, the prior North Carolina drug conviction used to enhance his federal sentence was not actually a crime punishable by more than one year of imprisonment. Without "any prior qualifying felony convictions" for purposes of § 851, Story contends that he "is actually innocent of such sentence enhancement penalty."

But neither the Supreme Court nor this court has extended the actual innocence exception to noncapital sentencing. *See Dretke v. Haley*, 541 U.S. 386, 393 (2004) (declining "to extend the actual innocence exception to procedural default of constitutional claims challenging noncapital sentencing error"); *Gibbs v. United States*, 655 F.3d 473, 478 (6th Cir. 2011), *cert. denied*, 132 S. Ct. 1909 (2012) (noting that this court has not issued a published decision "that addresses whether the actual innocence exception extends to noncapital sentences"); *Ross v. Berghuis*, 417 F.3d 552, 556-57 (6th Cir. 2005) (declining to decide whether the statute of limitations may be equitably tolled for a time-barred habeas corpus petition where the petitioner claimed actual innocence of his noncapital sentence). Thus, Story's actual innocence-of-the-penalty claim does not provide a basis for equitably tolling the statute of limitations here. The ineffective assistance of counsel claim raised in his motions to amend remains time-barred.

Story has failed to show "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *See Slack*, 529 U.S. at 484.  Accordingly, the application for a certificate of appealability is denied.

ENTERED BY ORDER OF THE COURT

Clerk