# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

| | |
|---|---|
| JOSEPH STORY ) | |
|     Petitioner - Appellant ) | |
| ) | |
| v. ) | No. 12-5847 |
| ) | |
| UNITED STATES OF AMERICA ) | |
|     Respondent - Appellee ) | |

## MOTION TO RECONSIDER DENIAL OF
## APPLICATION FOR CERTIFICATE OF APPEALABILITY

Comes now Petitioner-Appellant Joseph Story, through undersigned counsel, and submits this motion to reconsider the denial of a certificate of appealability ("COA")[1].

### Introduction

Mr. Story's case raises an issue of importance which has yet to be fully addressed by this Court and which is present in many cases arising in Tennessee: Where the government seeks a significantly enhanced sentence based upon a non-existent prior felony conviction, where defense counsel does not object to the enhancement, and where the trial court imposes a significantly enhanced (and

---

[1] The district court below appointed counsel to represent Mr. Story relative to the retroactive crack amendment, and subsequently appointed counsel via standing order relative to all matters relating to the Fair Sentencing Act. Claims relating to *Simmons/Carachuri-Rosendo* necessarily impact his eligibility for a sentencing reduction. Counsel is representing a significant number of clients with similar § 2255 claims before the Eastern District of Tennessee.

erroneous) sentence based upon that same non-existent prior felony conviction, are federal courts powerless to correct the mistake?[2] The district court agrees that Mr. Story's enhanced twenty-year sentence is unlawful: "It appears that petitioner would have *no* qualifying predicate offenses for purposes of § 841(b)(1)(A) were he to be sentenced today." (R.200, Memorandum Opinion dismissing § 2255 Motion, Page ID# 176, n. 2) (emphasis in original). Yet the court denied relief finding Mr. Story did not raise his claim soon enough.

This Court denied Mr. Story a COA finding it undebatable that Mr. Story's case deserves further review. Mr. Story respectfully asks this Court to reconsider its denial of further review. This Court overlooked that reasonable jurists could easily conclude Mr. Story is entitled to relief, especially where the district court has found Mr. Story was wrongly subjected to a significantly enhanced sentenced. Given the importance of this issue, and given its recurring nature, a COA followed by full briefing is warranted.

---

[2] In *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011), the Fourth Circuit held that North Carolina "felony" convictions which carry a maximum term of less than twelve months do not qualify as felony convictions in the federal system. § 841(b)(1)(a). Mr. Story and countless others are serving erroneously enhanced sentenced based upon a *Simmons* error.

## Issues Presented

Mr. Story seeks a COA on the following questions:

1. Whether Mr. Story's trial counsel was ineffective in failing to object to the § 851 enhancement;

2. Whether Mr. Story is entitled to relief under *Simmons, supra*;

3. Do Mr. Story's claims relate back to other then-pending claims?

4. If they do not relate back, are they nonetheless timely under 28 U.S.C. § 2255(h)(3), (4).

5. If the claims are not timely raised, whether they should be reviewed pursuant to equitable tolling principals; and

6. Whether actual innocence of the enhanced sentence will permit review of Mr. Story's claims.

## Procedural History

The judgment under attack was entered on March 25, 2008 (R.172, Amended Judgment, Page ID# 28), when Mr. Story received a mandatory minimum twenty-year term of incarceration. *Id.* Mr. Story's sentence was enhanced based upon the

government's § 851 notice alleging a prior North Carolina felony conviction.³ Mr. Story did not appeal his sentence.

On March 23, 2009, Mr. Story filed a pro se § 2255 motion alleging trial counsel was ineffective for failing to argue to the district court that a departure was warranted based upon his post-conviction rehabilitation and upon the disparity between crack cocaine and powder cocaine. Mr. Story specifically argued "a lesser sentence was available, Movant was prejudiced by counsel error in failing to note, object or appeal." (R.176, Motion to Vacate, Page ID# 42-43).

On October 17, 2011, Mr. Story filed a pro se motion to amend his § 2255 motion to include a claim that trial counsel was ineffective for failing to object to the faulty § 851 notice. (R.190, Motion to Amend, Page ID# 104-106). Mr. Story argued that in light of *Carachuri-Rosendo v. Holder*, 130 S.Ct. 2577 (2010), *Simmons, supra*, and *United States v. Pruitt*, 545 F.3d 416 (6th Cir. 2008), trial counsel was under a duty to object to the faulty § 851 notice. *Id.*

On January 26, 2012, Mr. Story filed another motion for leave to amend, in which he noted other federal inmates were receiving sentencing relief based upon the Fourth Circuit's then recent application of *Carachuri-Rosendo, supra*, to North

---

³The North Carolina judgment of conviction may be viewed at R.194, pageID#137-138. The judgment reflects he served 8-10 months, the statutory range for his offense. *Id.*

4

Carolina convictions. *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011). (R.194, Motion to Amend, Page ID# 133-134). Mr. Story asserted he was entitled to relief under *Simmons* and argued his amendment was timely under 28 U.S.C. § 2255(h)(3) (retroactive application of *Simmons, supra*). (R.194, Motion to Amend, Page ID# 134).

On June 12, 2012, the district court dismissed Mr. Story's § 2255 motion. (R.200, Memorandum Opinion dismissing § 2255 Motion, Page ID# 175). The district court found that the ineffective assistance for failure to object to the faulty § 851 notice claim did not relate back to Mr. Story's initial petition. The district court also found that Mr. Story was not timely under 28 U.S.C. § 2255(h)(3) (a new Supreme Court case with retroactive application). Significantly, the district court also found Mr. Story was wrongly subject to the mandatory minimum term of twenty years' incarceration. (R.200, Memorandum Opinion dismissing § 2255 Motion, Page ID# 176, n. 2).

## Argument

To obtain a COA, a movant "need not show that he should prevail on the merits." *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983). Instead, the Supreme Court instructs:

> [t]he COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits.

5

> We look to the District Court's application of AEDPA to petitioner's constitutional claims and ask whether that resolution was debatable amongst jurists of reason. This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claim. In fact, the statute forbids it. When a court of appeals side steps this process by first deciding the merits of an appeal, and then justifying its denial of a COA based on its adjudication of the actual merits, it is in essence deciding an appeal without jurisdiction.

*Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

A claim denied by the district court on its merits warrants issuance of a COA when it presents a "question of some substance." Questions of some substance include those (a) that are "debatable among jurists of reason;" (b) "that a court could resolve in a different manner;" (c) that are "adequate to deserve encouragement to proceed further;" or (d) that are not "squarely foreclosed by statute, rule or authoritative court decision, or ... [that are not] lacking any factual basis in the record." *Barefoot*, 463 U.S. at 893 n.4, 894; *see also Slack v. McDaniel*, 529 U.S. 473 (2000).

A claim denied on procedural grounds "without reaching the prisoner's underlying constitutional claim," warrants a COA when:

> jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack*, 529 U.S. at 478. As explained below, Mr. Story's claims and procedural arguments meet this threshold standard.

Rehearing is warranted because this Court did not apply this standard, but instead applied an overly rigorous standard and judged the merits of the claims. This Court overlooked the substantial and meritorious nature of Mr. Story's claims as well as significant case law demonstrating his entitlement to relief.

> 1. **Trial counsel was ineffective for failing to object to the § 851 notice, in violation of the Fifth, Sixth, Eighth, and Fourteenth Amendments.** ***Strickland v. Washington*, 466 U.S. 668 (1984).**

Trial counsel failed to review whether Mr. Story's prior conviction supports the § 851 notice, which requires that the defendant have a prior drug related felony conviction. Mr. Story is prejudiced by this failure, as the district court has already found Mr. Story does not qualify for enhancement based upon the § 851 notice. Counsel's failure to discover this defect and object qualifies as ineffective assistance of counsel and is below the standard of competence demanded of criminal defense attorneys. In this very district, defense counsel was raising this very argument about North Carolina prior convictions. *See United States v. Samson G. Pruitt*, No. 2:05-CR-61, R. 30, filed Feb. 20, 2006 (viewable on PACER). Like counsel in *Pruitt,* Mr. Story's counsel should have reviewed North Carolina's sentencing statute, realized Mr. Story did not face more than one year in custody on his North Carolina

7

conviction and acted accordingly by objecting to the sentencing enhancement. Counsel was deficient; prejudice is patent.

Jurists of reason could easily conclude this issue deserves further review. *Slack v. McDaniel*, 529 U.S. 473 (2000). Jurists of reason have held that counsel has an absolute duty to investigate his client's prior criminal history which is going to be used to seek an enhanced sentence. *Rompilla v. Beard*, 545 U.S. 374, 386-88 (2005) (counsel ineffective for failing to investigate defendant's prior convictions, which the state had given notice of its intent to use). Here, where the district court found the defendant should not have been subject to the § 851 enhancement based on the prior conviction, and where trial counsel failed to object to the enhancement, Mr. Story is entitled to appeal this issue and ultimately gain relief. A COA should issue on this claim.

**2.     Mr. Story is entitled to relief pursuant to *Simmons*, *supra*.**

In *United States v. Simmons,* 649 F.3d 237 (4th Cir. 2011) *(en banc)*, the Fourth Circuit held that certain prior drug convictions from North Carolina do not qualify as felony convictions under federal law. The precise holding of *Simmons* was that in reviewing prior convictions, the court should consider the maximum term of imprisonment the actual defendant faced, rather than the maximum term of prison a hypothetical defendant with a lengthy criminal history might face. *Simmons*, 649

F.3d at 243-45. In Mr. Story's case, he faced a maximum term of 8 to 10 months on his prior conviction. (R.194, Motion to Amend: North Carolina judgment, Page ID# 137). Thus, his prior North Carolina conviction does not satisfy the federal definition of a felony to support an § 851 enhancement. The district court found as much. Jurists of reason could easily conclude Mr. Story is entitled to relief on this claim. Other defendants have received post-judgment relief on this claim. *See United States v. Garland Slade*, No. 2:03-cr-00073 (E.D. Tenn) (R.653, Order Directing Mr. Slade Be Resentenced Without the Use of His North Carolina Conviction). Jurists of reason have found this type of claim warrants post-judgment relief. Mr. Story's claim warrants further review.

### 3. Mr. Story's Amendment Relates Back to his Timely Filed § 2255 Motion.

Mr. Story's initial § 2255 motion alleged trial counsel was ineffective for failing to argue that the crack/cocaine disparity and his post-conviction rehabilitation warranted a lower sentence. (R.176, 2255 Motion, Page ID# 42-44). Mr. Story also argued he was prejudiced by counsel's conduct at sentence. *Id.* Mr. Story's amendment alleged trial counsel was ineffective for failing to object to the § 851 enhancement notice and that he was prejudiced by the same. (R.190, Motion to Amend, Page ID# 105). The district court found the amendment did not relate back to Mr. Story's original ineffective assistance at sentencing claims. (R.200, Opinion,

9

Page ID# 184). Jurists of reason could easily conclude the district court erred by its hyper-technical parsing of the ineffective assistance at sentencing claim. A COA should be granted.

In *Mayle v. Felix*, 545 U.S. 644, 657 (2005), the Supreme Court held that an amendment filed after the statute of limitations may relate back to the original pleading if the new claim is based upon the same core facts and is related in time and type. Under this test, Mr. Story's claim qualifies. His initial claim is that counsel was ineffective at sentencing for failing to raise arguments which would have resulted in a lower sentence. He also alleged he was prejudiced by counsel's error at sentencing. Mr. Story's new claim adds the allegation that counsel failed to object to the wrongly enhanced sentence based on the faulty § 851 notice. All claims relate to ineffective assistance of counsel at sentencing and counsel's failure to take the appropriate steps to ensure a lesser sentence was imposed. *See Mandacina v. United States*, 328 F.3d 995, 1000-1001 (8th Cir. 2003) (where initial motion alleged a *Brady* claim and referenced certain documents and a later amendment alleged a *Brady* claim related to a specific document not mentioned in the first pleading, the court found the amendment related back). Similarly, in his initial pleading, Mr. Story alleged ineffective assistance of counsel at sentencing, which prejudiced him. The later

specific allegation about the § 851 enhancement relates back to this claim, just as the amendment did in *Mandacina, supra*.

Jurists of reason could easily conclude the district court erred in its decision that the amendment did not relate back. The issue deserves further review, especially in light of the district court's conclusion that Mr. Story was wrongly sentenced because of the faulty enhancement. A COA is warranted.

### 4. Mr. Story's amendment is timely in light of 28 U.S.C. § 2255(h)(3), (4).

Mr. Story's pleadings were pro se in the district court. Pro se pleadings must be construed in the light most favorable to the pro se inmate. In this light, it is clear Mr. Story filed his amendment when he because aware of other inmates gaining relief based upon *Simmons*, *supra*, and *Carachuri-Rosendo, supra*. (R.194, motion, page ID#134). These cases qualify as new facts which trigger the one year statute of limitations under 28 U.S.C. § 2255(f)(4). Mr. Story's motion is timely under 28 U.S.C. § 2255(f)(4), which provides a petition is timely if filed within one year of "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."

In *Johnson v. United States*, 544 U.S. 295 (2005), the Supreme Court explained that a court case can begin a petitioner's one year statute of limitations under § 2255(f)(4). Mr. Johnson was sentenced as a career offender in federal court based on

two Georgia state convictions. The Supreme Court held that the clock began to run for Mr. Johnson to attack his sentence under § 2255(f)(4) from the date that a state court vacated one of the Georgia convictions that qualified Mr. Johnson as a career offender. The Supreme Court rejected the government's position that the "facts supporting the claim or claims presented" under § 2255(f)(4) were limited to the actual underlying facts of the case and crime. *Id.* at 305. Similarly, once Mr. Story learned he might be entitled to a sentence reduction, he timely filed. Accordingly, reasonable jurists could conclude that Mr. Story's amendment is timely in light of *Johnson*, *supra,* and a COA is warranted.

Mr. Story also argued his amendment was timely under under 28 U.S.C. § 2255(h)(3) (new Supreme Court case law which applies retroactively may trigger the statute of limitations). The district court found that *Carachuri-Rosendo* arguably qualified as a "subsection (3) event" to create a new statute of limitations but then found that Mr. Story filed one year and four months after its release. (R.200, pageID#179). *Arguendo,* the district court is correct, Mr. Story filed within months of *Carachuri-rosendo*.

Mr. Story insists his claim is timely in light of *Simmons;* the government's failure to seek certiorari in *Simmons* should not create a procedural bar to his entitlement to relief. There is no question *Simmons* creates a new right which should

apply retroactively. Counsel recognizes that the Fourth Circuit has concluded that the Supreme Court's decision in *Carachuri-Rosendo* did not apply retroactively to a case on collateral review. *SeeUnited States v. Powell*, 691 F.3d 554 (4th Cir. 2012). However, the ruling in *Carachuri* and *Simmons* served to narrow the class of defendants subject to enhanced penalties, thereby creating a substantive ruling which should apply to all offenders, including Mr. Story. Much the same, courts across the nation have applied *Begay v. United States*, 553 U.S. 137, 128 S. Ct. 1581 (2008), as having created a substantive ruling to be applied retroactively. *See Welch v. United States*, 604 F.3d 408 (7th Cir. 2010). Likewise, court has applied *Chambers v. United States*, 555 U.S. 122, 129 S. Ct. 687 (2009) retroactively. *See United States v. Shipp*, 589 F.3d 1084 (10th Cir. 2009). Even if his retroactivity argument is without merit, Mr. Story presents his claim here so that he may seek Supreme Court review, as he should have a fair review of whether *Carachuri-Rosendo* and *Simmons* should be applied retroactively.

  **5. Mr. Story is entitled to equitable tolling.**

This Court found Mr. Story was not entitled to equitable tolling because he had not shown an extraordinary circumstance prevented him from filing. (R.207, Opinion/Order, Page ID# 230)(citing *Holland v. Florida*, 130 S.Ct. 2549, 2562 (2010)). Respectfully, equitable tolling is not so rigidly applied. "The flexibility

inherent in equitable procedure enables courts to meet new situations that demand equitable intervention, and to accord all the relief necessary to correct particular injustices." *Holland v. Florida*, 130 S.Ct. at 2563. *See Jones v. United States*, 689 F.3d 621, 627 (6th Cir. 2012). In *Jones*, the Sixth Circuit noted how difficult it is for incarcerated inmates to follow rapidly changing Supreme Court case law and found the petitioner diligent when he filed his motion "once he became aware of [the favorable law's] existence." *Id.* at 628. Here Mr. Story filed his motion within a few short months of *Simmons*' release. He filed his amendment, *pro se*, when he learned other inmates were gaining releases based on *Simmons*. He was diligent and did not sit on his rights.

Moreover, when considering equitable principals, this Court may consider that Mr. Story is not asking the Court to vacate his admission of guilt to the federal offense. The government will not have to locate absent witnesses and prepare for trial on a stale offense. All that would happen is Mr. Story would receive a correct sentence under the laws of this county. The Government has not been harmed in any fashion by Mr. Story's failure to file earlier. Mr. Story, however, was harmed by his ignorance of legal developments because it resulted in his serving a longer sentence than the law allows. *See* Reluctance to Resentence: Courts, Congress, and Collateral Review, Sarah French Russell, J.D., 91 N.C. L. Rev. 79, pp. 141-58 (2012) (arguing

interest in finality should not be paramount in sentencing correction cases). This court should grant a COA on whether Mr. Story's claim may be considered pursuant to equitable principals. Reasonable jurists could easily conclude Mr. Story's claim of equitable tolling merits further review. *Jones, supra*.

### 6. Mr. Breeze is actually innocent of the enhanced sentence.

Mr. Story's actual innocence of the enhanced sentence also provides an avenue for this Court's review. While this Court has never applied innocence in a non-capital setting, there are well-reasoned opinions from the Fifth Circuit, the Fourth Circuit, and the Second Circuit holding that a prisoner may be innocent of an enhanced, non-capital sentence. *Spence v. Superintendent, Great Meadow Correctional Facility*, 219 F.3d 162 (2d Cir. 2000); *United States v. Mikalajunas*, 186 F.3d 490, 494-95 (4th Cir. 1999); *Haley v. Cockrell*, 306 F.3d 257, 264 (5th Cir. 2002); *Cristin v. Brennan*, 281 F.3d 404 (3d Cir. 2002). In light of the unique posture of this case, as well as a circuit split on the applicability of actual innocence to non-capital defaulted claims, Mr. Story urges this Court to grant a COA.

## Conclusion

Mr. Story respectfully asks this Court to reconsider its order denying a COA. He further asks this Court to permit further review of the issues set forth herein.

RESPECTFULLY SUBMITTED:

FEDERAL DEFENDER SERVICES OF EASTERN TENNESSEE, INC.

BY: s/ *Nikki C. Pierce*
Nikki C. Pierce
BPR No. 018181
Federal Defender Services
129 West Depot Street, Suite 1
Greeneville, TN 37743
Telephone: (423) 636-1301
Facsimile: (423) 636-1385
Email: Nikki_Pierce@fd.org
Attorney for Joseph Story

## CERTIFICATE OF SERVICE

I hereby certify that on March 27, 2013, a copy of the foregoing Motion was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

s/ *Nikki C. Pierce*