CASE NO. 12-5847

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**JOSEPH STORY,**

**Petitioner-Appellant,**

**V.**

**UNITED STATES OF AMERICA,**

**Respondent-Appellee.**

ON APPEAL FROM THE UNITED STATES
DISTRICT COURT, EASTERN DISTRICT
OF TENNESSEE, GREENEVILLE

**BRIEF OF APPELLANT JOSEPH STORY**

Nikki C. Pierce
Assistant Federal Community Defender
Federal Defender Services of
  Eastern Tennessee, Inc.
129 West Depot Street, Suite 1
Greeneville, TN  37743
(423) 636-1301
Attorney for Joseph Story

ORAL ARGUMENT REQUESTED

# TABLE OF CONTENTS

Page

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   i

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   ii

STATEMENT IN SUPPORT OF ORAL ARGUMENT . . . . . . . . . . . . . . . . .   1

STATEMENT OF SUBJECT MATTER AND APPELLATE
JURISDICTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   2

STATEMENT OF THE ISSUES PRESENTED . . . . . . . . . . . . . . . . . . . . . . . .   3

STATEMENT OF THE CASE AND RELEVANT FACTS. . . . . . . . . . . . . . .   4

SUMMARY OF THE ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   8

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   11

STANDARD OF REVIEW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   24

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   25

CERTIFICATE OF COMPLIANCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   26

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   26

ADDENDUM:

   DESIGNATION OF RELEVANT DISTRICT COURT DOCUMENTS   . . .   27

# TABLE OF AUTHORITIES

Page

**U.S. Supreme Court Cases**:

*Begay v. United States*, 553 U.S. 137, 128 S.Ct. 1581 (2008) . . . . . . . . . . . . .   15

*Carachuri-Rosendo v. Holder*, 560 U.S. 563,
   130 S.Ct. 2577 (2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   5, 13-15, 19

*Chambers v. United States*, 555 U.S. 122, 129 S.Ct. 687 (2009) . . . . . . . . . . .   15

*Holland v. Florida*, 560 U.S. 631, 130 S.Ct. 2549 (2010) .. . . . . . . . . . . . . .   15-16

*Johnson v. United States*, 544 U.S. 295, 125 S.Ct. 1571 (2005) . . . . . . . . . .   13-14

*Mayle v. Felix*, 545 U.S. 644, 125 S.Ct. 2562 (2005) . . . . . . . . . . . . . . . . . . . .   11

*United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738 (2005) . . . . . . . . . . . . . .    4


**U.S. Court of Appeals Cases**:

*Cristin v. Brennan*, 281 F.3d 404 (3rd Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . .   17

*Haley v. Cockrell*, 306 F.3d 257 (5th Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . .   17

*Hilliard v. United States*, 157 F.3d 444 (6th Cir. 1998) . . . . . . . . . . . . . . . . . . .   24

*Jones v. United States*, 689 F.3d 621 (6th Cir. 2012) . . . . . . . . . . . . . . . . . . . . .   16

*Mandacina v. United States*, 328 F.3d 995 (8th Cir. 2003) . . . . . . . . . . . . . . . .   12

*Miller v. United States*, 735 F.3d 141 (4th Cir. 2013) . . . . . . . . . . . . . . .   10, 14, 22

# TABLE OF AUTHORITIES

Page

**U.S. Court of Appeals Cases**:

*Spence v. Superintendent, Great Meadow Correctional Facility*,
  219 F.3d 162 (2nd Cir. 2000) .. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   17

*United States v. Harp*, 406 F.3d 242 (4th Cir. 2005), *cert. denied*,
  546 U.S. 919 (2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   20-21

*United States v. Jones*, 195 F.3d 205 (4th Cir. 1999),
  *cert. denied*, 529 U.S. 1029 (2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   20

*United States v. Mikalajunas*, 186 F.3d 490 (4th Cir. 1999) . . . . . . . . . . . . . . .   17

*United States v. Pruitt*, 545 F.3d 416 (6th Cir. 2008) . . . . .   5-6, 8-10, 14-15, 18-25

*United States v. Shipp*, 589 F.3d 1084 (10th Cir. 2009) . . . . . . . . . . . . . . . . . . .   15

*United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) . . . .   5-8, 10, 13-16, 18-25

*United States v. Story*, 125 Fed.Appx. 646 (6th Cir. 2005) . . . . . . . . . . . . . . . . .   4

*United States v. Story*, 503 F.3d 436 (6th Cir. 2007) . . . . . . . . . . . . . . . . . . . . .   4

*Welch v. United States*, 604 F.3d 408 (7th Cir. 2010) . . . . . . . . . . . . . . . . . . . . .   15

*Whiteside v. United States*, 748 F.3d 541 (4th Cir. 2014) .. . . . . . . . . . . . . . . .   7, 20

# TABLE OF AUTHORITIES

Page

**U.S. District Court Cases**:

*Mungro v. United States*, 2013 WL 6800822
 (W.D.N.C. December 23, 2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 18, 23

*Sturdivant v. United States*, 2013 WL 6669025
 (W.D.N.C. December 18, 2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 18, 23


**Statutes**:

21 U.S.C. § 841 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 4, 21, 25

21 U.S.C. § 851 . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 4, 5-6, 11-12, 21-22, 25

28 U.S.C § 1291 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

28 U.S.C. § 2255 . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 5-11, 13-14, 17-20, 22-25


**Rules**:

Rule 34, Rules of the United States Court of Appeals for the
 Sixth Circuit . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1


**Other**:

*Reluctance to Resentence: Courts, Congress, and Collateral Review*, Sarah
 French Russell, J.D., 91 N.C.L. Rev. 79 (2012) . . . . . . . . . . . . . . . . . . . . . . . 16

**STATEMENT IN SUPPORT OF ORAL ARGUMENT**

Pursuant to Rule 34(a) of the Rules of the United States Court of Appeals for the Sixth Circuit, the defendant submits that oral argument is necessary in this case. This case having been remanded to this Court for reconsideration in light of the position of the Solicitor General presenting important issues which necessarily impacts other pending cases involving similar issues in this district and this circuit. Mr. Story asserts that oral argument would better allow the court to make an appropriate ruling. He also contends that oral argument is necessary to protect his constitutional rights and liberty interests at stake in this case.

## STATEMENT OF SUBJECT MATTER
## AND APPELLATE JURISDICTION

This is an appeal taken from the district court's final order denying relief under 28 U.S.C. § 2255 and denying a certificate of appealability. The district court dismissed Mr. Story's § 2255 motion on June 12, 2012. (R.200, Memorandum Opinion, Page ID# 175-194). The underlying criminal prosecution arose out of acts occurring in the Eastern District of Tennessee and prosecuted under 21 U.S.C. § 841 resulting in an enhanced statutory penalty following notice of a prior felony drug conviction under 21 U.S.C. § 851. The district court below exercised jurisdiction pursuant to 28 U.S.C. § 2255. This is an appeal of the final orders. Jurisdiction is proper under 28 U.S.C. § 1291.

**STATEMENT OF THE ISSUES PRESENTED**

Upon remand for reconsideration in light of the Solicitor General's Response, this Court granted the petition for a certificate of appealability and ordered briefing to address the following issues:

I.    Whether Mr. Story's motions to amend his motion to vacate sentence are untimely.

II.   Whether timeliness is asserted as a bar.

III.  If not time-barred, whether Mr. Story's mandatory minimum twenty-year sentence should be vacated if his prior North Carolina drug conviction no longer qualifies as felony drug conviction pursuant to intervening case law.

# STATEMENT OF THE CASE AND RELEVANT FACTS

## Procedural History

In 2002, Mr. Story was convicted by jury trial in the Eastern District of Tennessee of conspiracy to distribute and possession with the intent to distribute 50 grams of more of cocaine base, in violation of 21 U.S.C. § 841(b)(1)(A). The district court sentenced Mr. Story to 360 months imprisonment. This Court vacated the sentence on direct appeal and remanded the case for resentencing in light of *United States v. Booker*, 543 U.S. 220 (2005). *United States v. Story*, 125 Fed Appx. 646 (6th Cir. 2005). On remand the district court resentenced Mr. Story to 300 months imprisonment. This Court once again vacated the sentence and remanded the case for resentencing. *United States v. Story*, 503 F.3d 436 (6th Cir. 2007). The district court then resentenced Mr. Story to 240 months imprisonment, the statutory mandatory minimum penalty under § 841(b)(1)(A) based on the enhanced penalty provided under 21 U.S.C. § 851 for an offender with a prior felony drug conviction.[1] The district court entered final judgment on March 25, 2008. (R.172, Amended Judgment, Page ID# 28). Mr. Story did not appeal the amended judgment.

---

[1] The North Carolina judgment of conviction may be viewed at R.194, Page ID#137-138. The judgment reflects he served 8-10 months, the statutory range for his offense. *Id.*

On March 23, 2009, Mr. Story filed a pro se § 2255 motion alleging trial counsel was ineffective for failing to argue to the district court that a departure was warranted based upon his post-conviction rehabilitation and upon the disparity between crack cocaine and powder cocaine. Mr. Story specifically argued "a lesser sentence was available, Movant was prejudiced by counsel error in failing to note, object or appeal." (R.176, Motion to Vacate, Page ID# 42-43).

On October 17, 2011, Mr. Story filed a pro se motion to amend his § 2255 motion to include a claim that trial counsel was ineffective for failing to object to the faulty § 851 notice. (R.190, Motion to Amend, Page ID# 104-106). Mr. Story argued that in light of *Carachuri-Rosendo v. Holder*, 130 S.Ct. 2577 (2010), *Simmons, supra*, and *United States v. Pruitt*, 545 F.3d 416 (6th Cir. 2008), trial counsel was under a duty to object to the faulty § 851 notice. *Id.*

On January 26, 2012, Mr. Story filed another motion for leave to amend, in which he noted other federal inmates were receiving sentencing relief based upon the Fourth Circuit's then recent application of *Carachuri-Rosendo, supra*, to North Carolina convictions. *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011). (R.194, Motion to Amend, Page ID# 133-134). Mr. Story asserted he was entitled to relief under *Simmons* and argued his amendment was timely under 28 U.S.C. §

2255(h)(3) (retroactive application of *Simmons, supra*). (R.194, Motion to Amend, Page ID# 134).

On June 12, 2012, the district court dismissed Mr. Story's § 2255 motion and denied a certificate of appealability. (R.200, Memorandum Opinion dismissing § 2255 Motion, Page ID# 175). The district court found that the ineffective assistance for failure to object to the faulty § 851 notice claim did not relate back to Mr. Story's initial petition. The district court also found that Mr. Story's claims were not timely under 28 U.S.C. § 2255(h)(3) (a new Supreme Court case with retroactive application). Significantly, the district court also found Mr. Story was wrongly subject to the mandatory minimum term of twenty years' incarceration. (R.200, Memorandum Opinion dismissing § 2255 Motion, Page ID# 176, n. 2).

Mr. Story appealed to this Court, requesting a certificate of appealability to address his claims that *Pruitt* and *Simmons* established that he should not have been subject to the 20-year mandatory minimum and that trial counsel was ineffective for failing to raise the claim at sentencing. This court denied a certificate of appealability on March 13, 2013. Mr. Story sought rehearing, but this Court denied the petition for rehearing on August 6, 2013. Mr. Story then filed a petition for a writ of certiorari on November 4, 2013. The Solicitor General for the United States responded, urging

the Supreme Court of the United States to grant certiorari and remand the case to the Sixth Circuit for reconsideration in light of its position.

The Supreme Court summarily granted certiorari on February 25, 2014, vacating the judgment and remanding the case to the United States Court of Appeals for the Sixth Circuit for further consideration in light of the Solicitor General's response. Upon remand, Mr. Story filed with this Court authority in support of remand to the district court, citing the Fourth Circuit's ruling in *Whiteside v. United States*, 748 F.3d 541 (4th Cir. 2014) that the petitioner was entitled to § 2255 relief who claimed predicates were not "felonies" under *Simmons*. (App. Doc. 49). Mr. Story remains incarcerated in the Bureau of Prisons with an anticipated release date of February 2, 2020.

# SUMMARY OF THE ARGUMENT

I.      <u>Timeliness</u>.  The amendments to the timely filed § 2255 motion related back to the sentencing issues initially raised.  Accordingly, the filings should not be considered untimely.


II.     <u>Timeliness as a bar</u>.  Timeliness has not been asserted as a bar by the government, and instead was raised *sua sponte* by the district court below without inviting the government to respond.  Nonetheless, Mr. Story raised in motions to amend his timely filed § 2255 motion challenging his prior felony drug convictions as predicates for enhanced statutory penalties under both *Pruitt* and *Simmons*.  Given his affirmative efforts to assert his rights, the interests of justice counsel in favor of the government waiving a statute of limitations defense consistent with results reached in other districts.  *See, e.g., Mungro v. United States*, Nos. 5:11-CV-141-RLV & 5:04-CR-18-RLV-CH-1, 2013 WL 6800822, at *6-*7 & n. 3 (W.D. N.C. Dec. 23, 2013) (granting § 2255 relief to vacate petitioner's mandatory life sentence under *Simmons* and noting the government had waived statute of limitations defense); *Sturdivant v. United States*, Nos. 3:12-CV-66-FDW & 3:09-CR-39-FDW-6, 2013 WL 6669025, at *1, *3 (W.D. N.C. Dec. 18, 2013) (granting *Simmons* relief after government "declined to enforce" the defendant's plea agreement waiver of the right

to collaterally attack his sentence).  Timeliness should not be asserted as a bar when intervening precedent establishes that Mr. Story's mandatory minimum incarceration term was imposed in error.

The position of the Solicitor General has now become the law of the case.  In fact, the government has taken the same position before this Court in another case, *United States v. Shaeffer*, No. 12-5798 (6th Cir. May 15, 2014) (Doc. 61: Response to Petitioner's Application for Certificate of Appealability).  Counsel has consulted with opposing counsel who reports that the government's position will be the same as in *Shaeffer*, and thus, the government will not assert timeliness as a bar to § 2255 relief in this case.  Given the government's position, this Court need not address the first two issues requested for briefing, and instead should reach a decision as to the final question:  whether Mr. Story's mandatory minimum twenty-year sentence should be vacated if his prior North Carolina drug conviction no longer qualifies as felony drug conviction pursuant to intervening case law.  In reaching this decision, counsel asks the Court to address for the first time whether this Court's *Pruitt* decision announced a substantive rule which should be applied to cases on collateral review.

III.    <u>Relief warranted/Retroactivity of *Pruitt*</u>.  Mr. Story should be entitled to § 2255 relief when intervening precedent establishes that petitioner's mandatory sentence was imposed in error.  This Court's *Pruitt* decision announced a substantive rule, warranting this Court reaching the conclusion that it should be applied retroactively, similar to the ruling reached by the Fourth Circuit in *Miller v. United States*, 735 F.3d 141, 145-146 (4th Cir. 2013).  Because Mr. Story no longer qualifies for the enhanced penalty he received post-*Pruitt*/*Simmons*, this Court should grant § 2255 relief, vacate the sentence, and remand the case to the district court to resentence Mr. Story without the enhanced statutory penalty.

# ARGUMENT

## I. MR. STORY'S AMENDMENTS RELATE BACK TO HIS TIMELY FILED § 2255 MOTION TO VACATE, SET ASIDE OR CORRECT THE SENTENCE AS IT RAISED CHALLENGES TO THE STATUTORY MANDATORY MINIMUM SENTENCE.

Mr. Story timely filed a § 2255 motion on March 23, 2009, within a year of the final judgment entered on March 25, 2008. Mr. Story's initial § 2255 motion alleged trial counsel was ineffective for failing to argue that the crack/cocaine disparity and his post-conviction rehabilitation warranted a lower sentence. (R.176, 2255 Motion, Page ID# 42-44). Mr. Story also argued he was prejudiced by counsel's conduct at sentence. *Id.* While the timely filed § 2255 motion was pending in 2011 and 2012, Mr. Story sought to amend the § 2255 motion alleging trial counsel was ineffective for failing to object to the § 851 enhancement notice and that he was prejudiced by the same. (R.190, Motion to Amend, Page ID# 105). The district court found the amendment did not relate back to Mr. Story's original ineffective assistance at sentencing claims and dismissed the § 2255 motion without granting a certificate of appealability. (R.200, Opinion, Page ID# 184). Mr. Story contends this district court erred in its ruling.

In *Mayle v. Felix*, 545 U.S. 644, 657 (2005), the Supreme Court held that an amendment filed after the statute of limitations may relate back to the original

pleading if the new claim is based upon the same core facts and is related in time and type. Under this test, Mr. Story's claim qualifies. His initial claim is that counsel was ineffective at sentencing for failing to raise arguments which would have resulted in a lower sentence. He also alleged he was prejudiced by counsel's error at sentencing. Mr. Story's new claim adds the allegation that counsel failed to object to the wrongly enhanced sentence based on the faulty § 851 notice. All claims relate to ineffective assistance of counsel at sentencing and counsel's failure to take the appropriate steps to ensure a lesser sentence was imposed. *See Mandacina v. United States*, 328 F.3d 995, 1000-1001 (8th Cir. 2003) (where initial motion alleged a *Brady* claim and referenced certain documents and a later amendment alleged a *Brady* claim related to a specific document not mentioned in the first pleading, the court found the amendment related back). Similarly, in his initial pleading, Mr. Story alleged ineffective assistance of counsel at sentencing, which prejudiced him. The later specific allegation about the § 851 enhancement relates back to this claim, just as the amendment did in *Mandacina, supra*.

Jurists of reason could easily conclude the district court erred in its decision that the amendment did not relate back. The issue deserves further review, especially in light of the district court's conclusion that Mr. Story was wrongly sentenced because of the faulty enhancement.

## Mr. Story's amendment is timely in light of 28 U.S.C. § 2255(h)(3), (4).

Mr. Story's pleadings were *pro se* in the district court. *Pro se* pleadings must be construed in the light most favorable to the pro se inmate. In this light, it is clear Mr. Story filed his amendment when he became aware of other inmates gaining relief based upon *Simmons*, *supra*, and *Carachuri-Rosendo, supra*. (R.194, Motion, Page ID#134). These cases qualify as new facts which trigger the one year statute of limitations under 28 U.S.C. § 2255(f)(4). Mr. Story's motion is timely under 28 U.S.C. § 2255(f)(4), which provides a petition is timely if filed within one year of "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."

In *Johnson v. United States*, 544 U.S. 295 (2005), the Supreme Court explained that a court case can begin a petitioner's one year statute of limitations under § 2255(f)(4). Mr. Johnson was sentenced as a career offender in federal court based on two Georgia state convictions. The Supreme Court held that the clock began to run for Mr. Johnson to attack his sentence under § 2255(f)(4) from the date that a state court vacated one of the Georgia convictions that qualified Mr. Johnson as a career offender. The Supreme Court rejected the government's position that the "facts supporting the claim or claims presented" under § 2255(f)(4) were limited to the actual underlying facts of the case and crime. *Id.* at 305. Similarly, once Mr. Story

learned he might be entitled to a sentence reduction, he timely filed. Accordingly, reasonable jurists could conclude that Mr. Story's amendment is timely in light of *Johnson*, *supra*.

Mr. Story also argued his amendments were timely under 28 U.S.C. § 2255(h)(3) (new Supreme Court case law which applies retroactively may trigger the statute of limitations). The district court found that *Carachuri-Rosendo* arguably qualified as a "subsection (3) event" to create a new statute of limitations but then found that Mr. Story filed one year and four months after its release. (R.200, Page ID#179). Assuming *arguendo,* the district court is correct, Mr. Story filed within months of *Simmons*.

Nonetheless, Mr. Story insists his claim is timely in light of *Simmons;* the government's failure to seek certiorari in *Simmons* should not create a procedural bar to his entitlement to relief. There is no question *Simmons* creates a new right which should apply retroactively, as determined by the Fourth Circuit in *Miller v. United States*, 735 F.3d 141, 145-146 (4th Cir. 2013). Although this circuit has yet to have occasion to address the issue and were not asked to make such a ruling in *Pruitt*, this Court should use this case as a vehicle to make the decision and should ultimately follow the Fourth Circuit. Because a ruling on this very issue would greatly benefit the lower courts, counsel urges this Court to follow the Fourth Circuit's lead and

reach a decision in this case that *Pruitt* should be applied retroactively to cases on collateral review. Like *Pruitt*, the ruling in *Carachuri* and *Simmons* served to narrow the class of defendants subject to enhanced penalties, thereby creating a substantive ruling which should apply to all offenders, including Mr. Story. Much the same, courts across the nation have applied *Begay v. United States*, 553 U.S. 137, 128 S. Ct. 1581 (2008), as having created a substantive ruling to be applied retroactively. *See Welch v. United States*, 604 F.3d 408 (7th Cir. 2010). Likewise, courts have applied *Chambers v. United States*, 555 U.S. 122, 129 S. Ct. 687 (2009) retroactively. *See United States v. Shipp*, 589 F.3d 1084 (10th Cir. 2009). Even if his retroactivity argument is without merit, Mr. Story presents his claim here so that he may seek Supreme Court review, as he should have a fair review of whether *Pruitt, Carachuri-Rosendo* and *Simmons* should be applied retroactively to offenders raising claims in the Sixth Circuit.


**Mr. Story is entitled to equitable tolling.**

This Court found Mr. Story was not entitled to equitable tolling because he had not shown an extraordinary circumstance prevented him from filing. (R.207, Opinion/Order, Page ID# 230)(citing *Holland v. Florida*, 130 S.Ct. 2549, 2562 (2010)). Respectfully, equitable tolling is not so rigidly applied. "The flexibility

inherent in equitable procedure enables courts to meet new situations that demand equitable intervention, and to accord all the relief necessary to correct particular injustices." *Holland v. Florida*, 130 S.Ct. at 2563. *See Jones v. United States*, 689 F.3d 621, 627 (6th Cir. 2012). In *Jones*, the Sixth Circuit noted how difficult it is for incarcerated inmates to follow rapidly changing Supreme Court case law and found the petitioner diligent when he filed his motion "once he became aware of [the favorable law's] existence." *Id.* at 628. Here, Mr. Story filed his motion within a few short months of *Simmons'* release. He filed his amendment, *pro se*, when he learned other inmates were gaining releases based on *Simmons*. He was diligent and did not sit on his rights.

Moreover, when considering equitable principals, this Court may consider that Mr. Story is not asking the Court to vacate his admission of guilt to the federal offense. The government will not have to locate absent witnesses and prepare for trial on a stale offense. All that would happen is Mr. Story would receive a correct sentence under the laws of this country. The Government has not been harmed in any fashion by Mr. Story's failure to file earlier. Mr. Story, however, was harmed by his ignorance of legal developments because it resulted in his serving a longer sentence than the law allows. *See* Reluctance to Resentence: Courts, Congress, and Collateral Review, Sarah French Russell, J.D., 91 N.C. L. Rev. 79, pp. 141-58 (2012) (arguing

interest in finality should not be paramount in sentencing correction cases).

Accordingly, equitable tolling principles should override any claim of timeliness as a bar.


**Mr. Story is actually innocent of the enhanced sentence.**

Mr. Story's actual innocence of the enhanced sentence also provides an avenue for this Court's review. While this Court has never applied innocence in a non-capital setting, there are well-reasoned opinions from the Fifth Circuit, the Fourth Circuit, and the Second Circuit holding that a prisoner may be innocent of an enhanced, non-capital sentence. *Spence v. Superintendent, Great Meadow Correctional Facility*, 219 F.3d 162 (2d Cir. 2000); *United States v. Mikalajunas*, 186 F.3d 490, 494-95 (4th Cir. 1999); *Haley v. Cockrell*, 306 F.3d 257, 264 (5th Cir. 2002); *Cristin v. Brennan*, 281 F.3d 404 (3d Cir. 2002). In light of the unique posture of this case, as well as a circuit split on the applicability of actual innocence to non-capital defaulted claims, Mr. Story urges this Court to provide relief on this alternative basis should it deems a ruling on timeliness to be necessary despite the government's concession that timeliness will not serve as a bar to § 2255 relief in this case.

## II.   TIMELINESS HAS NOT BEEN ASSERTED AS A BAR, NOR SHOULD IT BE GIVEN THE DEPARTMENT OF JUSTICE'S STANCE IN OTHER LIKE CASES.

If the *Simmons* challenge is not determined to have been filed timely, relief should still be granted.  Timeliness has not been asserted as a bar by the government, and instead was raised *sua sponte* by the district court below without inviting the government to respond.   Nonetheless, Mr. Story raised in motions to amend his timely filed § 2255 motion challenging his prior felony drug convictions as predicates for enhanced statutory penalties under both *Pruitt* and *Simmons*.   Given his affirmative efforts to assert his rights, the interests of justice counsel in favor of the government waiving a statute of limitations defense consistent with results reached in other districts. *See, e.g., Mungro v. United States*, Nos. 5:11-CV-141-RLV & 5:04-CR-18-RLV-CH-1, 2013 WL 6800822, at *6-*7 & n. 3 (W.D. N.C. Dec. 23, 2013) (granting § 2255 relief to vacate petitioner's mandatory life sentence under *Simmons* and noting the government had waived statute of limitations defense); *Sturdivant v. United States*, Nos. 3:12-CV-66-FDW & 3:09-CR-39-FDW-6, 2013 WL 6669025, at *1, *3 (W.D. N.C. Dec. 18, 2013) (granting *Simmons* relief after government "declined to enforce" the defendant's plea agreement waiver of the right to collaterally attack his sentence).  Timeliness should not be asserted as a bar when

intervening precedent establishes that Mr. Story's mandatory minimum incarceration term was imposed in error.

The position of the Solicitor General has now become the law of the case. In fact, the government has taken the same position before this Court in another case, *United States v. Phillip A. Shaeffer*, No. 12-5798 (6th Cir. May 15, 2014) (Doc. 61: Response to Petitioner's Application for Certificate of Appealability).[2] Counsel has consulted with opposing counsel who reports that the government's position will be the same as in *Shaeffer*, and thus, the government will not assert timeliness as a bar to § 2255 relief in this case. Accordingly, this Court need not address whether the amendments to the timely filed § 2255 are timely[3], and instead should assess the merits of Mr. Story's *Simmons/Pruitt/Carachuri-Rosendo* claim to determine whether he has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

---

[2] Like Story's case, *Shaeffer's* case also had been remanded to this Court for further consideration after the summary grant of certiorari review.

[3] Counsel nonetheless briefs the issues above.

**III.  SECTION 2255 RELIEF SHOULD BE GRANTED TO VACATE THE 20-YEAR MANDATORY MINIMUM SENTENCE BECAUSE THE NORTH CAROLINA DRUG CONVICTION NO LONGER QUALIFIES AS A PRIOR FELONY DRUG CONVICTION AS A PREDICATE FELONY FOR THE ENHANCED STATUTORY PENALTY.  THE RULING IN *PRUITT/SIMMONS* SHOULD BE APPLIED RETROACTIVELY TO ALL CASES ON COLLATERAL REVIEW CONSISTENT WITH THE FOURTH CIRCUIT'S DECISION IN *WHITESIDE*.**

The government will not assert timeliness as a bar to § 2255 relief in this case. Therefore, section 2255 relief must be given because Mr. Story was sentenced to an enhanced 240-month mandatory minimum term of imprisonment based on a prior conviction which no longer qualifies as a predicate felony drug offense.  Because *Pruitt/Simmons* announced a substantive rule, this Court should conclude that the decisions apply retroactively and grant Mr. Story § 2255 relief and remand the case to the district court for resentencing.

When Mr. Story's sentence was imposed, the sentence was consistent with the Fourth Circuit's approach in *United States v. Harp*, 406 F.3d 242, 246 (4th Cir.), *cert. denied*, 546 U.S. 919 (2005); *United States v. Jones*, 195 F.3d 205 (4th Cir. 1999), *cert. denied*, 529 U.S. 1029 (2000).  That law changed, however, after Mr. Story's conviction became final.

In *United States v. Simmons,* 649 F.3d 237 (4th Cir. 2011) *(en banc)*, the Fourth Circuit held that certain prior drug convictions from North Carolina do not qualify as felony convictions under federal law. The precise holding of *Simmons* was that in reviewing prior convictions, the court should consider the maximum term of imprisonment the actual defendant faced, rather than the maximum term of prison a hypothetical defendant with a lengthy criminal history might face. *Simmons*, 649 F.3d at 243-45.

This Court similarly ruled earlier in *Pruitt* on October 21, 2008, that "to determine whether a prior North Carolina drug offense was 'punishable' by a term of imprisonment exceeding one year, a court must determine the defendant's sentencing exposure in light of the defendant's own criminal history, rather than calculating the maximum exposure using a hypothetical defendant with the worst possible criminal history. 545 F.3d at 423-24. There, the Prior Record Level I exposed the defendant to a maximum potential sentence of eight months, and therefore, petitioner's prior North Carolina drug conviction was not punishable by more than one year of imprisonment and did not qualify as a "felony drug offense" under 21 U.S.C. §§ 841 and 851. The decision in *Pruitt* rejected the Fourth Circuit's reliance on a "hypothetical defendant with the worst prior record level," disagreeing with the Fourth Circuit's decision in *United States v. Harp*, 406 F.3d 242 (4th Cir. 2005). Mr.

Story did not appeal his amended judgment, and thus it had become final by the time this Court ruled in *Pruitt*.

However, Mr. Story's prior North Carolina drug conviction would not qualify as a felony drug offense under either the approach in *Simmons* or *Pruitt*. In Mr. Story's case, he faced a maximum term of 8 to 10 months on his prior conviction which served as the predicate felony drug offense to increase his statutory mandatory minimum penalty to 240 months incarceration. (R.194, Motion to Amend: North Carolina judgment, Page ID# 137). Thus, under *Pruitt* and *Simmons*, his prior North Carolina drug conviction does not satisfy the federal definition of a felony to support an § 851 enhancement. The district court found as much, yet refused to grant § 2255 relief. Most assuredly, the district court would have granted relief had there been a ruling by this Court that *Pruitt* should be applied retroactively to cases on collateral review. Because a number of other cases before the district court and this circuit would be impacted by a ruling on retroactivity of *Pruitt*, this Court should reach the decision in this case. The Solicitor General concedes that the reasoning by the Fourth Circuit in *Miller* relative to retroactivity would apply equally to *Pruitt*, which announced a ruling like that in *Simmons*. Accordingly, this Court should use this case as the appropriate vehicle to make the ruling on the retroactivity of *Pruitt* as

supported by both parties. With the retroactive application of *Pruitt / Simmons* in the Sixth Circuit, there is no question Mr. Story deserves § 2255 relief.

Other defendants have received post-judgment relief on a claim under *Simmons*. *See United States v. Garland Slade*, No. 2:03-cr-00073 (E.D. Tenn.) (R.653, Order Directing Mr. Slade Be Resentenced Without the Use of His North Carolina Conviction). Likewise, North Carolina courts have granted § 2255 relief. *See, e.g., Mungro v. United States*, Nos. 5:11-CV-141-RLV & 5:04-CR-18-RLV-CH-1, 2013 WL 6800822, at *6-*7 & n. 3 (W.D. N.C. Dec. 23, 2013) (granting § 2255 relief to vacate the mandatory life incarceration term under *Simmons* and noting that the government had waived reliance on the statute-of-limitations defense"); *Sturdivant v. United States*, Nos. 3:12-CV-66-FDW & 3:09-CR-39-FDW-6, 2013 WL 6669025, at *1, *3 (W.D. N.C. Dec. 18, 2013) (granting relief under *Simmons* after government declined to enforce the plea agreement waiver of the right to collaterally attack the sentence). Jurists of reason have found this type of claim warrants post-judgment relief. Mr. Story likewise should be granted § 2255 relief, vacating the sentence and remanding the case to the district court for resentencing without the enhanced statutory penalty. A ruling should be made expeditiously given the rising cost of incarcerating individuals in federal prisons, currently at a rate of $29,291.62 per year.

## STANDARD OF REVIEW

Whether a *Pruitt*/*Simmons* claim is cognizable under 28 U.S.C. § 2255 is reviewed by this Court *de novo* upon the granting of a certificate of appealability. *Hilliard v. United States*, 157 F.3d 444, 447 (6th Cir. 1998).

## CONCLUSION

In consideration of the foregoing, Mr. Story respectfully asks this Court to reverse the district court's dismissal of the § 2255 motion to vacate, set aside or correct the sentence and remand the case to the district court to grant § 2255 relief to set aside and correct the sentence upon remand consistent with intervening law established in *Pruitt* and *Simmons*. He asks that he be resentenced without any enhanced statutory penalties as the prior North Carolina drug conviction does not qualify as a prior felony drug conviction under 21 U.S.C. §§ 841 and 851. Mr. Story should now be subject to the statutory penalty range of ten years to life imprisonment.

RESPECTFULLY SUBMITTED:

FEDERAL DEFENDER SERVICES OF EASTERN TENNESSEE, INC.

BY:    s/ *Nikki C. Pierce*
        Nikki C. Pierce
        BOPR No. 018181
        Federal Defender Services
        129 West Depot Street, Suite 1
        Greeneville, TN 37743
        Telephone:  (423) 636-1301
        Facsimile:   (423) 636-1385
        Email:        Nikki_Pierce@fd.org
        Attorney for Joseph Story

## CERTIFICATE OF COMPLIANCE

The undersigned hereby certifies that this brief complies with the requirements of the type-volume limitation of Rule 32(a)(7)(C), F.R.A.P., as it contains 4,665 words, excluding the corporate disclosure statement, table of contents, table of citations, statement in support of oral argument, any addendum, and the certificates of counsel. Certification is based on the word count of the word-processing system used in preparing the petitioner's brief, WordPerfect 16.0 for Windows.

s/ *Nikki C. Pierce*

## CERTIFICATE OF SERVICE

I hereby certify that on June 30, 2014, a copy of the foregoing Appellant's Brief was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

s/ *Nikki C. Pierce*

# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

---

Case No.: __12-5847__

JOSEPH STORY

v.

UNITED STATES OF AMERICA

---

APPELLANT'S/~~APPELLEE'S~~ DESIGNATION
OF RELEVANT DISTRICT COURT DOCUMENTS

---

Appellant/~~appellee~~, pursuant to Sixth Circuit Rule 30(b), hereby designates the following relevant district court documents:

| DESCRIPTION OF ENTRY | RECORD ENTRY NO. | PAGE ID # |
|---|---|---|
| Amended Judgment | 172 | 28-33 |
| Motion to Vacate | 176 | 39-51 |
| Motion to Amend | 190 | 104-107 |
| Motion to Amend | 194 | 133-138 |
| Memorandum Opinion | 200 | 175-194 |
| Order | 207 | 227-232 |

Respectfully submitted:

s/ *Nikki C. Pierce*